# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERONDA MOORE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-3386** |
| **GREENWICH INSURANCE CO., ET AL.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Plaintiff Sheronda Moore's "Motion for Partial Summary Judgment on the Issue of Liability."[1] In the Motion, Plaintiff argues that there is an absence of genuine issue of material fact as to Timothy Bechaz ("Bechaz") and Asplundh Tree Expert's ("Asplundh") liability. For the following reasons, the Court will deny Plaintiff's motion as untimely filed.

On October 12, 2022, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than September 6, 2023."[2] Local Rule 7.2 provides that "unless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." Thus, to permit hearing no later than September 6, 2023, each party was required to submit any non-evidentiary pretrial motions by August 22, 2023. Plaintiff, however, filed the instant motion on September 4, 2023, and set a submission date of September 20, 2023.[3] Therefore, it is evident that Plaintiff's motion was submitted in violation of the Court's Scheduling Order.

---

[1] Rec. Doc. 41.

[2] Rec. Doc. 9.

[3] Rec. Doc. 41.

1

Federal district courts have the inherent power to enforce their scheduling orders,[4] and Federal of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[5] Here, Plaintiff did not request or obtain the Court's consent to modify the Scheduling Order, nor did she request leave to file the motion out of time. A jury trial in this matter is currently set for October 23, 2023.[6] Hence, the Court's Scheduling Order provided that dispositive motions must be filed in enough time to be heard *no later* than September 6, 2023.[7] This allows the Court the minimum time needed to address motions before the Pre-Trial Conference, which in this case is set for October 4, 2023.[8]

If the Court were to indulge Plaintiff's tardiness and hear her motion on September 20, 2023, it would impose hardship on the Court to resolve the motion in advance of trial. The Court issued its Scheduling Order on October 12, 2022 in order to allow both the parties and the Court adequate time to deal with all legal issues prior to trial. Parties are expected to be diligent in moving their cases along. The Court reiterates that all deadlines in this matter remain intact and must be adhered to by the parties.

Accordingly,

---

[4] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[5] Fed. R. Civ. P. 16(b)(4).

[6] Rec. Doc. 9.

[7] *Id.*

[8] *Id.*

**IT IS HEREBY ORDERED** that Plaintiff Sheronda Moore's "Motion for Partial Summary Judgment on the Issue of Liability"[9] and the accompanying Request for Oral Argument[10] is **DENIED** as untimely filed.

**NEW ORLEANS, LOUISIANA**, this ⎯5th⎯ day of September, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[9] Rec. Doc. 41.

[10] Rec. Doc. 42.